**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-00682-WJM-MEH

DIGITAL ADVERTISING DISPLAYS, INC., a Colorado corporation,

    Plaintiff,

v.

SHERWOOD PARTNERS, LLC, a California limited liability company,
TIM COX,
NEWFORTH PARTNERS, LLC, a California limited liability company,
DHANDO INVESTMENTS, INC., a Delaware corporation, and
ROBERT HOFFER,

    Defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter involves Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Court Rules of Civil Procedure. On April 6, 2012, Defendants Dhando Investments, Inc. ("Dhando"), Newforth Partners, LLC ("Newforth") and Robert Hoffer filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 21.) On April 16, 2012, Defendants Sherwood Partners, LLC ("Sherwood") and Tim Cox also filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 24.)[1] Digital Advertising Displays, Inc., ("Plaintiff") opposes each of the Defendants' Motions. (ECF No. 32; ECF No. 33.) Reply briefing has been filed by Defendants. (ECF No. 36; ECF No. 37.)

---

[1] The Defendant-entities will be collectively known as "Defendants" and their motions collectively known as "Motion" or "Motions" depending on the context.

Having reviewed the relevant materials, the Court grants each of the Defendants' Motions in part, and denies in part. The Court also grants Plaintiff leave to amend its Complaint. (ECF No. 5-1.)

## I. Legal Standard

The purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999).

To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts . . . to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir.2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility in this context "must refer to the scope of the allegations in a complaint—*i.e.* if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48. (10th Cir. 2008). The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* This requirement of plausibility "serves not only to weed out claims that do not have a

reasonable prospect of success, [but also to] provide fair notice to defendants of the actual grounds of the claim against them." *Id. Twombly*, 550 U.S. at 582.

## II. Background

### A. Procedural Background

On March 30, 2012, the Defendants timely Notices of Removal led to the grant of removal of their case from state court to this Court. The Court found complete diversity of citizenship between Plaintiff and all five Defendants. (ECF No. 17.)

In addition to the filings for this Motion, and given the inter-relatedness of the Defendants, the Court requested that parties file supplemental schematics. The schematics provide a better understanding of the relationship between the Defendant-entities, and the intellectual property assets in dispute ("IP Assets"). (ECF No. 44-1; ECF No. 45-1; ECF No. 46-1.)

### B. Factual Background

The relevant facts, as pled in Plaintiff's Complaint, are as follows: Reactrix Systems, Inc. ("Reatrix") developed projector screens that interact with human movements, among other things. (ECF No. 5-1 ¶ 8.) These inventions form part of the IP Assets in this litigation. The inventions were patented and developed by Matthew Bell. (*Id.* ¶ 12.) Bell was the founder and Chief Scientist at Reatrix, which commercialized the IP Assets before going into receivership on October 3, 2008. (*Id.*) Reatrix avoided bankruptcy, however, by disposing of its assets under a California state law known as an "Assignment for Benefit of Creditors". As a part of the disposition process, Reactrix

assigned the IP Assets to Reactrix (Assignment for Benefit of Creditors), LLC ("Reatrix ABC"). (*Id.* ¶ 12.)  Shortly, thereafter, Defendant Sherwood obtained management control over Reatrix ABC.  Sherwood is managed and controlled by Defendant Tim Cox.  His control over the IP Assets included the authority to liquidate same.  (*Id.*)

In late 2008, Tim Cox introduced Plaintiff to Defendant Newforth.  Newforth is managed and controlled by Defendant Hoffer, who is a Managing Director.  (*Id.* ¶ 16.) The introduction led to a confidentiality agreement between Plaintiff and Hoffer in late 2008 ("Confidentiality Agreement").  (*Id.* ¶ 23.)  The purpose of that agreement was for the parties to participate jointly in purchasing the IP Assets from Sherwood.  On December 10, 2008, a meeting was arranged with Defendant Hoffer who subsequently received confidential business plans from Plaintiff consistent with the purpose of the Confidentiality Agreement.  (*Id.*)  Plaintiff alleges that the business plans contained information regarding the strategies for purchase of IP Assets, *inter alia*, and how to implement strategy of same. (*Id.* ¶¶ 66-68.)

In early 2009, Defendant Hoffer then created a new company called Dhando LLC. Hoffer became Dhando's CEO.  During this time period, Dhando bought the IP Assets from Sherwood and allegedly implemented Plaintiff's "very business plan" in breach of the Confidentiality Agreement in effort to commercialize the IP Assets.  (*Id.*)  Plaintiff further alleges that Intellectual Ventures Holdings 67 LLC ("Intellectual Ventures") now owns the relevant IP Assets in dispute, and that Dhando is a licensee.  (*Id.* ¶¶ 109-116; ECF No. 45-1.)  Plaintiff is presently without a licence to the IP Assets and seeks damages against the

Defendant-entities. (*Id.*)

## II. Analysis

On the facts above, Plaintiff brings the following claims: Claim I (Breach of Contract of the Confidentiality Agreement); Claim II (Breach of the Covenant of Good Faith and Fair Dealing); Claim III (Breach of License); Claim IV (Deceit Based on Fraud—False Representation); Claim V (Deceit based on Fraud—Nondisclosure or Concealment); Claim VI (Alter Ego); Claim VII (Constructive Trust); Claim VIII (Unjust Enrichment). (ECF No. ¶¶ 117-161.) Plaintiff further seeks remedies based on each of these claims. The relief, *inter alia*, includes damages for breach of confidentiality, imposition of a constructive trust and damages resulting from Defendants' actions as "alter ego" of other Defendant-entities based on Hoffer's involvement with Newforth and Dhando, respectively. (*Id.*)

**A.     Claim I: Breach of Contract regarding the Confidentiality Agreement**

Plaintiff's Complaint alleges that Defendants Hoffer, Newforth and Dhando are all bound by, and in breach of, the Confidentiality Agreement. (ECF No. 5-1 ¶¶ 117-122.) Plaintiff not only relies on these paragraphs but incorporates the preceding paragraphs 1-116 to support its claim.

To determine whether Plaintiff's claim survives Rule 12(b)(6) scrutiny, the Court must first look to the elements of a contract. These elements are outlined in Defendants' brief as follows: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant (breach); and (4) resulting damages to the plaintiff." *Harper v. Mancos School Dist RE-6*,

837 F.Supp. 2d 1211, 1217 (D. Colo. 2011).

Defendants first contend that Claim I does not survive Rule 12(b)(6) because it fails to provide sufficient facts for the purposes of element (1).  The Court disagrees.  Paragraph 118 of the Complaint clearly states that "Hoffer, Newforth and/or Dhando either in their own capacity, or through Hoffer, entered into a Confidentiality Agreement with Plaintiff."  The existence of the Confidentiality Agreement is buttressed by clauses that are quoted in the Complaint itself.  Those clauses outline the obligations of the parties, which are provided in paragraph 118:

> "Recipient understands that the information provided by DAD is confidential and recognizes the necessity of maintaining the said information in the strictest confidence.
> In order to effectively provide such disclosure and proceed in **good faith**, DAD and Recipient agree and acknowledge that it will he necessary for each party to disclose to the other certain valuable proprietary information.
>
> Each Party agrees and acknowledges that any proprietary information which it receives from the other party must be maintained in the **strictest confidence** and used solely and only for the purpose of evaluating the desirability of proceeding with development of the relationship."   (emphasis added.)

(ECF No. 5-1 ¶¶ 118.)  Because these paragraphs allege the existence of a contract, the Court finds that they are sufficient for the purposes of Rule 12(b)(6) to support element (1) in Claim I of Plaintiff's Complaint.  *Cf. Ashcroft v. Iqbal,* 556 U.S. 662, 678-9 (2009) (holding that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

As to element (2), Defendants argue that Claim I is insufficient because Plaintiff does not "identify any of the confidential information that was purportedly misused." (ECF No. 22 ¶ 10.) This argument also lacks merit since there are several paragraphs in the Complaint that plead the necessary facts defining the confidential information, which support the claim. Specifically, Plaintiff asserts that on December 7, 2008, it shared its "business plan" with Hoffer in regard to optimizing the IP Assets. (*Id.* ¶ 66.) This included the purchasing of core IP Assets, *inter alia*, from a larger pool of assets that Sherwood was liquidating in 2009.

Paragraph 68 is illustrative. It states that "Recipient Hoffer purchased only a portion of the Reactrix ABC assets", which was the "**very strategy disclosed by [Plaintiff] to Hoffer in the shared business plan**." (*Id.* ¶ 68.) (emphasis added.)

When these paragraphs are viewed in the context of the Complaint, it is difficult to see how Defendants could be confounded by what Plaintiff pleads as being the relevant confidential information. Such facts provide sufficient factual content going to element (2) because it establishes Plaintiff's performance of the contract (disclosure of the business plans)—and provides "fair notice" to Defendants of the contract claim against them. *Robbins*, 519 F.3d at 1247–48.

Defendants next contend that Plaintiff has not pled sufficient facts to show *breach* of the Confidentiality Agreement (element (3))—*i.e.*, that Hoffer disclosed the business plan to others in breach of his contractual obligations. Clear inferences can be drawn, however, from the factual content, which sufficiently shows breach for the purposes of a Rule

12(b)(6) motion, thus nullifying Defendants' argument on this point.

Factual allegations pertaining to Hoffer are critical to determine whether breach is sufficiently pled. *Iqbal*, 556 U.S. at 678 (holding that a claim is plausible when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). In applying *Iqbal*, the following factual allegations provide the predicate for inferences going to breach. They are worth summarizing for present purposes: (a) Hoffer entered into the Confidentiality Agreement with Plaintiff to jointly participate in the purchase of IP Assets from Sherwood; (b) Hoffer received confidential information from Plaintiff in the form of a business plan to commercialize the IP Assets; (c) Hoffer formed Dhando (and became its CEO); (d) Dhando purchased IP Assets from Sherwoord—consistent with Plaintiff's business plan—but without informing Plaintiff of the purchase; and (e) Dhando sold the IP Assets to Intellectual Ventures. (*See generally* ECF No. 5-1.)

Based on the pleadings above, the Court can draw reasonable inferences relevant to breach because if Hoffer were purchasing the IP Assets on behalf of Plaintiff (or jointly), there would have been *no need* to have formed Dhando in the first place. Indeed, the formation of the Dhando—and the subsequent purchase of the IP Assets by Hoffer—gives rise to the very inference that Hoffer was attempting to circumvent the binding obligations of the Confidentiality Agreement in the breach of same. Thus, the Court finds that sufficient facts exist in the Complaint to establish breach of contract based on reasonable inferences of Hoffer's misconduct.

As to element (4), Defendants argue that Plaintiff does not identify the harm or damages that result from the purported breach. But Defendants fail to look to the Prayer of Relief. Plaintiff pleads "damages in an amount to be proven at trial . . . suffered due to Defendants' breach of contract." The Court has little difficulty in finding that this relief is tied to the first claim and that the element is sufficiently pled for the purposes of a 12(b)(6) motion.

In sum, and taken as true, the Court finds that the Complaint provides sufficient allegations to support Claim I. As to this claim, Defendants' Rule 12(b)(6) Motion is denied.

**B.     Claim II (Breach of the Covenant of Good Faith and Fair Dealing)**

Defendants contend that Plaintiff failed to plead sufficient allegations to support its claim for breach of good faith and fair dealing. (ECF No. 22 at 12.) Defendants contend that Plaintiff fails to plead the relevant contract from which the claim is based, and the specific contract term that gives rise to a duty of good faith.

Here, there are at least two contracts in the Complaint that could support Plaintiff's claim. The first has been addressed above—*i.e.*, the Confidentiality Agreement. The second is a Letter of Intent ("LOI"), which was purportedly entered into between Defendants Sherwood/Cox and Plaintiff. (ECF No. ¶ 14.) However, Plaintiff's claim makes no direct reference to either contract in paragraphs 123 through 126 (where the claim of relief is summarized). While no requirement exists that the precise contract be pleaded in these paragraphs, its absence only adds to the speculative nature of the claim for the

purposes of a Rule 12(b)(6) motion. Defendants are left to surmise whether they are liable under the LOI or the Confidentiality Agreement, given that these contracts are referred to throughout the Complaint.

Moreover, there is inconsistency in the drafting between Claim I and Claim II. Claim I refers to the Confidentiality Agreement using initial capitalization; whereas Claim II does not. (ECF No. 5-1 ¶¶118-126.) This inconsistency in the pleadings make all five Defendants left to speculate as to who is potentially liable under Claim II (and under what contract). Such pleadings are defective under *Twombly* because they do not rise above the "speculative" threshold as required in that holding, nor do they provide adequate notice to Defendants of the claim against them. *Twombly*, 550 U.S. at 555-56.

Given these defects, the Court must dismiss Claim II without prejudice pursuant to Rule 12(b)(6). Plaintiff is, however, granted leave to amend because the Court cannot say that permitting the filing of an amended complaint would be "futile" at this stage of the proceedings.[2] *Cf. Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

**C.    Claim III (Breach of Contract - License)**

Plaintiff's third cause of action alleges breach of license. (ECF No. 5-1 ¶ 127- 130). Defendants argue that Plaintiff's pleadings do not provide the requisite factual allegations to sufficiently support its claim. *Harper,* 837 F.Supp. 2d at 1217.

---

    [2] Defendants Sherwood and Cox further contend that "absent a supportable allegation that Sherwood and Cox were parties to a contract with Digital Advertising Displays [not Jessam Communications], Plaintiff fails to "allege facts supporting all the elements necessary to establish entitlement under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). (ECF No. 29 at 4.) Because Claim II has been dismissed on other grounds, the Court need not address this contention other than stating it has persuasive value.

Here, the Court finds it difficult to discern whether the parties agreed to a license. There is also no reference to the obligations imposed on the parties. At best, Plaintiff could argue that there was a promise to "give" a license to the IP Assets, but there are insufficient facts as to Plaintiff's reciprocal obligations so to establish a contract. (ECF No 5-1 ¶¶ 60, 103, 115).

Accordingly, the Court dismisses this claim, again without prejudice, pursuant to Rule 12(b)(6). Leave is also granted to Plaintiff to file an amended complaint with respect to Claim III.

**D.     Claim IV (Deceit Based on Fraud—False Representation) Fraud**

Pursuant to Fed. R. Civ. P. 9(b), Plaintiff's fraud claims must satisfy the heightened pleading standard set forth in that rule. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." A complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir.1991).

In this case, and irrespective of whether Colorado or California law applies, Plaintiff's claim is insufficiently pled.[3] Specifically, Plaintiff has failed to plead with *enough*

---

[3] In a diversity jurisdiction case such as this one, a federal court applies the substantive law, including the choice of law, of the forum state. *Kansas Penn Gaming, LLC v. HV Properties of Kansas, LLC*, 662 F.3d 1275, 1284 (10th Cir. 2011). In multistate tort controversies, Colorado has adopted and applies the "most significant relationship" test from the Restatement (Second) of Conflict of Laws § 145 (1969) to determine which state's law applies. *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft*, 582 F.3d 1131, 1143 (10th Cir. 2009).

*particularity* regarding two core elements of its claim: (1) a false representation, and (2) reliance. Instead, Plaintiff makes the blanket allegation in paragraph 132 that "[t]he Defendants made numerous false representations of past or present facts," and that Plaintiff "relied on the representations . . . causing injury." (ECF No. 5-1 ¶¶ 132, 136.) This broad pleading (without more particularity) does not meet the requirements of Rule 9(b). *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1237 (10th Cir. 2000); see *also Lawrence*, 924 F.2d at 180.

While Plaintiff could contend that the allegations exist somewhere in the many paragraphs pled in the Complaint, this is not enough for Rule 9(b) because Plaintiff seeks liability against multiple defendants. Without notice in the pleading, specifying which Defendant made the representation, the Court is left to speculate to whom the claim is directed, and also by whom. Such speculative pleadings are impermissible under Rule 9(b), and should be dismissed. *Koch*, 203 F.3d at 1237 (stating that specificity about who made what representations and the consequence flowing from same is an "important requirement" where numerous defendants exist); *see also Tal v. Hogan*, 453 F.3d 1244, 1267 (10th Cir. 2006) (affirming dismissal of fraud claims in a complaint even where 300 paragraphs and subparagraphs were pled).

Accordingly, Claim IV lacks the requisite particularity under Rule 9(b). Claim IV is therefore dismissed without prejudice, and Plaintiff is granting leave to file an amended

---

Given the commonality of elements (1) and (2) to fraud claims in Colorado and California, the Court need not, at this stage, make a determination as to choice of law. The Court reserves its position on this issue on any claim with respect to any further motion filed by the parties in this case.

complaint with respect to Claim IV.

**E.     Claim V (Deceit based on Fraud—Nondisclosure or Concealment)**[4]

This claim fails for reasons similar to Claim IV: it has not been pled with requisite particularity regarding which Defendants failed to disclose information, and how it was relied upon to Plaintiff's detriment.  The Court has concerns that the claim not only fails to meet Rule 9(b), but it is questionable whether it would even satisfy the lesser standard under Fed. R. Civ. P. 8 as presently drafted.  *See also Iqbal,* 556 U.S. at 678-9 (holding that "threadbare recitals of the elements of a cause of action . . . do not suffice").

Because Plaintiff fails to allege facts supporting the necessary relief, the claim is also dismissed without prejudice.  Leave is granted to Plaintiff to file an amended complaint with respect to Claim V.

**F.     Claim VI (Alter Ego)**

Defendants concede that Claim VI depends on a finding that they are "liable on at least one of the other claims" for the purposes of its Rule 12(b)(6) Motion.  (ECF No. 22 at 14.)   Given that the Court finds against Defendants on Claim I, it follows that the Court should similarly find against Defendants with respect to Claim VI based on Defendants' own admission.

This conclusion is fortified by Hoffer's key role with respect to Defendants Newforth and Dhando.  His role in both these entities (as an alter ego of each) is drawn from factual

---

[4] This claim, like Claim IV, relates to all five-named Defendants.  While Defendants Dhando, Newforth and Hoffer do not provide briefing on Claim IV or Claim V, they do support the briefing filed by Defendants Sherwood and Cox.  (ECF No. 22 at 4.)

allegations in Plaintiff's Complaint.  A summary of his role has been discussed earlier.[5]

Tellingly, Hoffer was Managing Director of Newforth; and CEO of Dhando. The former of which signed a Confidentiality Agreement with Plaintiff; the latter of which purchased the IP Assets without informing Plaintiff of the purchase.  Central to both these entities is Defendant Hoffer.   As reasoned in Claim I, plausible grounds exist that discovery will reveal evidence to further support the Plaintiff's allegations of alter ego regarding this claim.  *Shero*, 510 F.3d at 1200.

Accordingly, Defendants' Motion to Dismiss Claim VI is denied.

**G.     Claim VII (Constructive Trust)**

Defendants also concede that Claim VII depends on a finding that they are "liable on at least one of the other claims" for the purposes of its Rule 12(b)(6) Motion.  Because the Court finds that Plaintiff succeeds on Claim I, it also follows that it succeeds on Claim VII based on Defendants' own admission.  (ECF No. 22 at 14.)

This conclusion is buttressed by the Plaintiff's factual allegations in the Complaint. (ECF No. 5-1 at 17.)  Those pleadings relevantly allege that Newforth and Dhando were trustees and, *inter alia*, received  "misappropriated property" from its equitable owner, Plaintiff.  (*Id.*)  Indeed, the very purpose of a constructive trust is to provide relief in cases where multiple defendants exist and assets have been obtained through breaches of trust and confidence.  Both these requirements have been pled here.  *Cross Country Land Services v. PB Network Services*, 2006 WL 1028790 (D.Colo. 2006) ("A constructive trust

---

[5] *See* II.A. of this Order (noting points (a) through (e)).

operates to pierce the "legal" facade and do equity under the circumstances . . . it is an extremely flexible remedy that is appropriate to prevent unjust enrichment.")[6]

Plaintiff's constructive trust claim should not be dismissed at this juncture—and certainly not before Plaintiff has had the opportunity to discover the alleged circumstances surrounding Defendants' efforts to use confidential information to Plaintiff's detriment. Accordingly, Defendants' Motion to Dismiss Claim VII is denied.

## H.    Claim VIII (Unjust Enrichment)

The Court finds that Plaintiff's unjust enrichment claim is more than "labels and conclusions" as referenced in *Twombly*, 550 U.S. at 557.   Rather, the pleading provides factual allegations that sufficiently support the claim—particularly when the claim is viewed in the context of the entire Complaint.  Specifically, Claim VIII pleads the conferral of benefit to Defendants Newforth, Dhando and Hoffer.  This benefit was achieved, as pled, via Plaintiff's confidential business plan. (ECF No. 5-1 at 18.)   In the Prayer for Relief, Plaintiff relevantly pleads that damages be awarded to Plaintiff because of Defendants failure to confer the benefit resulting from Defendants' wrongful gains.  Such pleadings are sufficient enough to warrant discovery because they provide allegations that sustain a

---

[6] Such relief, as pled, seeks to supplement Plaintiff's common law cause of actions as found in Claims I-III. *See generally* Pomeroy, *Equity Jurisprudence,* Vol 1, 99 (1881) "The remedial system of equity . . . [provides] enormous advantages over the narrow . . . methods of the common law."  One of those advantages is the ability to trace assets to the third parties. The allegation that the IP Assets were bought and sold by Dhando, which are now controlled by Intellectual Ventures, tends to suggest that third-party discovery may be required in this litigation to trace alleged IP Assets (and determine their relative net worth).  *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792, 798 (1979) ("When property has been acquired in such circumstances that the holder of legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.")

viable legal theory for unjust enrichment—a theory that dovetails with other equitable claims and is consistent with the many factual allegations in the Complaint. *Twombly,* 550 U.S. at 563 (stating that "a complaint . . . must contain direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.")

Plaintiff's pleading places Defendants fully on notice of the claim against them. Defendants' Motion to Dismiss Claim VIII is, therefore, denied.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 21 and ECF No. 28) are GRANTED IN PART AND DENIED IN PART;

2. Defendants' Motions to Dismiss Claim I (Breach of Contract of the Confidentiality Agreement) is DENIED;

3. Defendants' Motions to Dismiss Claim II (Breach of the Covenant of Good Faith and Fair Dealing) is GRANTED WITHOUT PREJUDICE;

4. Defendants' Motions to Dismiss Claim III (Breach of License) is GRANTED WITHOUT PREJUDICE;

5. Defendants' Motions to Dismiss Claim IV (Deceit Based on Fraud—False Representation)  is GRANTED WITHOUT PREJUDICE;

6. Defendants' Motions to Dismiss Claim V (Deceit based on Fraud—Nondisclosure or Concealment) is GRANTED WITHOUT

   PREJUDICE;

7. Defendants' Motions to Dismiss Claim VI (Alter Ego) is DENIED;

8. Defendants' Motions to Dismiss Claim VII (Constructive Trust) is DENIED;

9. Defendants' Motions to Dismiss Claim VIII (Unjust Enrichment) is DENIED;

10. As to the Plaintiff's Claims that are dismissed, leave is granted to Plaintiff to file an Amended Complaint on or before February 6, 2013;

11. Counsel for Defendant Hoffer are DIRECTED to have a copy of this Order served upon the General Counsel for Intellectual Ventures Holdings 67 LLC, and are further DIRECTED to file a Certificate of Service certifying said service on or before January 22, 2013.[7]

Dated this 17 th day of January, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

[7] "In my view the overuse of motions filed pursuant to Fed. R. Civ. P. 12(b)(6) in this District unreasonably delays the progress of civil litigation . . ." *See*, *Practice Standards for Criminal and Civil Matters before William J. Martínez, U.S. District Court for the District of Colorado* at III. D. 1. Any further Rule 12(b)(6) motion filed by Defendants in response to an Amended Complaint will be strictly scrutinized by this Court.