IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00682-WJM-MEH

DIGITAL ADVERTISING DISPLAYS, INC., a Colorado corporation,

    Plaintiff,

v.

SHERWOOD PARTNERS, LLC, a California limited liability company,
TIM COX, an individual,
NEWFORTH PARTNERS, LLC, a California limited liability company,
DHANDO INVESTMENTS, INC., a Delaware corporation, and
ROBERT HOFFER, an individual,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 13, 2013.**

      Plaintiff's Second Motion to Amend/Modify Scheduling Order [filed March 12, 2013; docket #63] is **granted in part and denied in part**. Having reviewed the motion and the response filed by the "Hoffer Defendants," the Court concludes that, although there was no formal stay of proceedings in this case and, thus, little justification for postponing discovery while awaiting an order on the motions to dismiss, the District Court's order and the amended complaint filed February 6, 2013 have actually re-characterized the claims in this case, as evidenced by the Defendants' answer and "partial" motion to dismiss filed in response to the amended complaint. Thus, the Court finds no prejudice to the parties (here, no trial has been set) and good cause[1] to allow a 60-day extension of the current deadlines in this case. The Scheduling Order shall be modified as follows:

| | |
|---|---|
| Initial expert designation: | March 28, 2013 |
| Rebuttal expert designation: | April 29, 2013 |
| Discovery cutoff: | May 15, 2013 |
| Dispositive motions deadline: | May 31, 2013 |

The Court will grant no further extension of these deadlines absent a showing of <u>exceptional</u> cause.

---

[1] The Court notes that Plaintiff filed its original motion to amend (denied without prejudice on procedural grounds) on February 1, 2013, four days *after* the current deadline for initial expert designation. Pursuant to Fed. R. Civ. P. 6(b)(1)(B), the Plaintiff must demonstrate excusable neglect for failing to seek an extension before the deadline; here, the Court concludes that the "re-characterization" of the claims serves to excuse the Plaintiff for the brief delay in seeking the extensions.

In addition, the Final Pretrial Conference scheduled in this case for May 24, 2013 is hereby **vacated** and **rescheduled** to **August 1, 2013,** at **9:30 a.m.** in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

The parties shall submit their proposed pretrial order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L. **no later than five (5) business days** prior to the pretrial conference. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures must be submitted in a useable format (i.e., WordPerfect or Word only) and shall be emailed to the Magistrate Judge at *Hegarty_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office. However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at http://www.cod.uscourts.gov/Forms.aspx. Instructions for downloading in richtext format are posted in the forms section of the website.**

All out-of-state counsel shall comply with D.C. Colo. LCivR 83.3C prior to the pretrial conference.

The parties are further advised that they shall not assume that the court will grant the relief requested in any motion. Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not be vacated by court order may result in the imposition of sanctions.

Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification. *See* D.C. Colo. LCivR 83.2B.