**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-00682-WJM-MEH

DIGITAL ADVERTISING DISPLAYS, INC., a Colorado corporation,

    Plaintiff,

v.

SHERWOOD PARTNERS, LLC, a California limited liability company,
TIM COX,
NEWFORTH PARTNERS, LLC, a California limited liability company,
DHANDO INVESTMENTS, INC., a Delaware corporation, and
ROBERT HOFFER,

    Defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

    This matter involves a dispute over intellectual property assets ("IP Assets") concerning the highly lucrative computer gaming industry.  On April 16, 2013, Defendants Sherwood Partners, LLC and Tim Cox ("Sherwood" or "Defendants") filed a Partial Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 60.)  Digital Advertising Displays, Inc., ("Plaintiff") opposes Defendants' Motions.  (ECF No. 72.)  Reply briefing has been filed by Defendants. (ECF No. 73.)

    Having reviewed the relevant materials, the Court grants Defendants' Motion in part, and denies in part.

## I. Legal Standard

The purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts . . . to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility in this context "must refer to the scope of the allegations in a complaint—*i.e.* if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48. (10th Cir. 2008). The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

The requirement of plausibility "serves not only to weed out claims that do not have a reasonable prospect of success, [but also to] provide fair notice to defendants of the actual grounds of the claim against them." *Id. Twombly*, 550 U.S. at 582.

## II. Background

### A. Factual Background

The relevant facts, as pled, are as follows: Reactrix Systems, Inc. ("Reatrix") developed projector screens that interact with human movements, among other things. (ECF No. 55 ¶ 12.) These inventions form part of the IP Assets in this litigation. The inventions were patented and developed by Matthew Bell. (*Id.*) Bell was the founder and Chief Scientist at Reactrix, which commercialized the IP Assets before going into "receivership on October 3, 2008." (*Id.*) Reactrix avoided bankruptcy by disposing of its assets under a California state law known as an "Assignment for Benefit of Creditors." (Id.)

Upon going into receivership—and as a part of the disposition process—Reactrix assigned its IP Assets to Reactrix (Assignment for Benefit of Creditors), LLC ("Reatrix ABC"). (*Id.* ¶ 13.) Shortly thereafter, Defendant Sherwood obtained management control over Reatrix ABC. (*Id.*) Specifically, "Sherwood made all decisions and was responsible for the disposition of all assets formally owned by Reactrix Systems, Inc. that were assigned to Reactrix ABC." (*Id.* ¶¶ 13-14.) Sherwood is managed and controlled by Defendant Tim Cox. (*Id.*) Sherwood's control over the IP Assets, through Tim Cox, included the authority to liquidate same. (*Id.* ¶14.*)*

### B. Procedural Background

On January 17, 2013, the Court granted in part and denied in part Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 47.) The Court granted Plaintiff leave to amend its complaint. An Amended Complaint was filed on

February 6, 2013. (ECF No. 55.) Defendant filed the instant Motion to partially dismiss the Amended Complaint on April 16, 2013, which is now before the Court for ruling. (ECF No. 60.)

## II. Analysis

Relevant to the instant Motion are the following claims: Claim II (Breach of Contract against Sherwood); Claim III (Breach of the Implied Covenant of Good Faith and Fair Dealing); Claim V (Deceit based on Fraud—False Representation); Claim VI (Deceit based on Fraud—Non-disclosure or Concealment); Claim VIII (Alter Ego Against Sherwood). (ECF No. 55 ¶¶ 117-161.) Plaintiff further seeks remedies based on each of these claims. The relief sought, *inter alia*, includes damages for breach of confidentiality, imposition of a constructive trust, and damages resulting from Defendants' actions as the "alter ego" of other Defendant entities, based on the actions of Tim Cox of entering into agreements on behalf of Reatrix ABC.

### A.   Alter Ego Claim

Defendants attack Plaintiff's alter ego claim for failing to allege sufficient facts to support the claim pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 61 at 10.) The claim seeks to hold Sherwood liable for breach of contracts based on the theory that Sherwood was acting as the alter ego of Reactrix ABC. To bring a claim for alter ego, a plaintiff must sufficiently plead facts supporting two conditions. These include:

> [F]irst, where there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation, has ceased; and, *second*, where adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice.

*See, In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) (holding that alter

ego theory did apply in a bankruptcy case); *Cf. Quigley v. Verizon Wireless*, 2012 WL 1945784, at *3 (N.D. Cal. May 30, 2012) (holding alter ego did *not* apply to parent company, where subsidiary was alleged to have engaged in misconduct).[1]

Here, the instant case lies between *Schwarzkopf* and *Quigley* because while Reatrix ABC is not a bankrupt entity *per se*, it cannot be considered a subsidiary of Sherwood either. Notwithstanding this tension, the Court finds that Reactrix ABC leans more towards the *Schwarzkopf* end of the spectrum—*i.e.*, that, and in the context of a Rule 12(b)(6) Motion to Dismiss, Plaintiff's alter ego claim has been sufficiently pled.[2] The reasons are two-fold.

First, Plaintiff provides detailed allegations of the direction and control exerted by Sherwood over Reactrix ABC. Unlike *Quigley*, this is not a case where Plaintiff has pled "broad allegations" to support its alter ego claim. Rather, the allegations are such that they demonstrate a high degree of direction and control exerted by Sherwood that far exceeds that of a parent-subsidiary relationship—including the authority to enter into contracts, among other things. *Cf. Quigley*, 2012 WL 1945784, at *3. Specifically, the pleadings provide that "at all times Sherwood made *all* decisions and was responsible for the disposition of *all* assets formally owned by Reactrix that were assigned to Reactrix ABC" (ECF No. 55 at 13.) Paragraphs 200-213 of the Amended Complaint

---

[1] While the Colorado Supreme Court has not determined what state's law applies to an alter ego claim, most courts apply the law of the state of incorporation. *See Francis v. Starwood Hotels & Resorts Worldwide, Inc.*, 2011 WL 3351320 (D. Colo. Aug. 3, 2011). The Court notes that Plaintiff did not object to Defendants reliance on Californian law.

[2] Subject to further evidence and legal argument, the Court reserves its position on whether this claim would survive Rule 56 scrutiny. The Court holds no view at this juncture.

are illustrative. It is these paragraphs that provide plausible grounds that "discovery will reveal evidence to support Plaintiff's allegations" of alter ego theory and place Defendants on notice of same. *See Shero*, 510 F.3d at 1200; *see also Twombly*, 550 U.S. at 582 (holding that the plausibility standard "serves to provide fair notice to defendants of the actual grounds of the claim against them.")

Second, given the detailed averments in the Amended Complaint regarding the unity of operations between the Sherwood and Reactrix ABC, the Court finds that sufficient inferences exist to further support Plaintiff's claim. The Court draws an inference, based on the pleadings, that Sherwood is similar to a trustee in bankruptcy because both exert a level of control over a former entity so to dispose of assets for the benefit of creditors. Specifically, and but for Sherwood's control, Reactrix ABC could not have entered into contracts which led to the sale of the IP Assets to Dhando (and Intellectual Ventures). (ECF No. 47 at 4.)[3] Because of these similarities with a trustee

---

[3] Without further argument contained in a Rule 56 motion, the Court finds it difficult to subscribe to any theory that Sherwood was a mere agent of Reatrix ABC as Defendants would have the Court believe. (ECF No. 61 at 11.) Here, there could possibly be an agency in form, but there seems to be no agency in substance since there is nothing within the four corners of the pleadings to suggest that Sherwood took directions from any entity other than itself. Rather, the pleadings provide that the Sherwood Defendants were making "all decisions" with respect to the IP Assets. (ECF No. 55.) If the Sherwood Defendants can show at summary judgment that they were *not* making all decisions, and that the relationship was more akin to agency in substance, then they are free to do so. But foreclosing Plaintiff alter ego claim at this juncture would be premature.

The Court also compares Defendants' agency argument with *Troyk v. Farmers Group, Inc.*, wherein the California Court of Appeal imposed alter ego liability on a managing agent and attorney-in-fact although it did not own the interinsurance exchange at issue. 171 Cal. App.4th 1305, 90 Cal. Rptr.3d 589, 620 (2009). The California court reasoned that legal ownership was not necessary because, although "[a]n insurance exchange is 'owned' by the subscribers, ... given that the subscribers are required to appoint the attorney-in-fact as managerial agent, the 'ownership' element of the alter ego doctrine is not applicable in this context." *Id.* at 620 n. 27. In essence, the managing agent was the equitable owner. *See also Sonora Diamond Corp. v. Superior Court*, 83 Cal. App.4th 523, 99 Cal. Rptr.2d 824, 836 (2000) (where the alter ego doctrine applies, "courts will ignore the corporate entity and deem the corporation's acts to be

in bankruptcy, the Court finds that this supports Plaintiff's theory of alter ego consistent with *In re Schwarzkopf*, 626 F.3d at 1038 (holding that alter ego theory did apply in a bankruptcy case).[4]

Accordingly, because Plaintiff's allegations are not conclusory—and based upon factual allegations supporting both conditions of the *Schwarzkopf* test—the Court finds that there is sufficient factual input in Plaintiff's alter ego claim to deny Defendants' Motion to Dismiss. *See Twombly*, 550 U.S. at 556 (holding that the plausibility standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of misconduct.)

### B. Contract and Implied Covenant of Good Faith and Fair Dealing Claims

Claim II and Claim III will be considered jointly. Both are contingent upon alter ego theory. Plaintiff contends that because Reactrix ABC was the mere alter ego of Sherwood, "Sherwood, either in its own capacity, or through Cox and/or Reactrix ABC, is liable for breach of contracts that it entered into with Plaintiff." (ECF No. 72 at 7.) These purported contracts include: (1) the Non-Disclosure Agreement ("NDA"), (2) the Letter of Intent ("LOI"), and (3) the Enterprise Offering Agreement.

#### 1. Non-Disclosure Agreement

---

those of the persons or organizations actually controlling the corporation, in most instances the equitable owners").

[4] The Court notes that Defendants primarily challenged the first condition of the alter ego analysis. Should, however, any Rule 56 motion be filed on this claim, it will be expected that Defendants will address both conditions in far greater detail with supporting evidence (if any), along with rebuttal of the authorities stated in n.3, above

7

Defendants' sole attack on the sufficiency of the NDA claim is based on the misplaced notion that Sherwood was not the alter ego of Reactrix ABC. But because the Court has found that alter ego *does* survive Rule 12(b)(6) scrutiny above, Defendants' argument is rejected. And because Defendants also fail to offer any alternative argument—refuting the execution of the NDA by Sherwood—Defendants waive their position to proffer any further attack on the allegations as pled.

As such, the Court denies Defendants Motion as applied to the NDA (and the associated claim for good faith and fair dealing). *See Coleman v. B-G Maint. Mgmt. of Colo.*, Inc., 108 F.3d 1199, 1205 (10th Cir. 1997) (holding that "issues not raised in the opening brief are deemed abandoned or waived"); *see also Pino v. Higgs*, 75 F.3d 1461 (10th Cir. 1996).

### 2. Letter of Intent

Plaintiff also alleges a breach of the Letter of Intent ("LOI"). Unlike the NDA, however, Plaintiff is not a party to this agreement. Instead, the LOI is between Reactrix ABC and Jessam Communications Inc. (ECF No. 61-2.) Because Plaintiff is not a party to the LOI, it fails to allege an essential element of the claim.

Accordingly, the Court finds that Plaintiff's claim, based on the LOI (and the associated claim for good faith and fair dealing) are dismissed with prejudice.[5] *See Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (stating that the re-filing of an amended complaint would be "futile").

---

[5] See also the Court's previous Order stating that this argument had "persuasive value" to support the Court's reasoning in the instant Order. (ECF No. 47 at 10 n.2.)

       3.    <u>Enterprise Offering</u>

Unlike the NDA and LOI, the Enterprise Offering is exactly what the title says it is: *an offer*. The document is not a contract, and cannot be pled as one. *See San Mateo Union High School District v. County of San Mateo*, 2013 WL 364229, 9 (Cal. App. 2013) (holding that an offer is "not a contract as a matter of law"*).* Because Plaintiff provides no argument to rebut Defendants' position, the Court finds that the Enterprise Offering does not constitute a contract.

As such, the Court finds that the pleadings are insufficient under Rule 12(b)(6). The contract claim (and the associated claim for good faith and fair dealing) are, therefore, dismissed with prejudice.

    **C.**    **Fraud Claims as Applied to Sherwood and Tim Cox**

Plaintiff also pleads two claims for fraud: (1) Deceit based on Fraud—False Representation; and (2) Deceit based on Fraud—Non-disclosure or Concealment.

Pursuant to Fed. R. Civ. P. 9(b), Plaintiff's fraud claims must satisfy a heightened pleading standard. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." A complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir.1991); *see also Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1237 (10th Cir. 2000).

In this case, and irrespective of whether Colorado or California law applies, Plaintiff's fraud claims are insufficiently pled, given that these amended claims fail to correct the deficiencies of the Original Complaint (ECF No. 5-1) noted and discussed at

length in the Court's previous Order. (ECF No. 47.)[6] In the previous Order, the Court said:

> While Plaintiff could contend that the allegations exist somewhere in the many paragraphs pled in the Complaint, this is not enough for Rule 9(b) because Plaintiff seeks liability against multiple defendants. Without notice in the pleading, specifying which Defendant made the representation, the Court is left to speculate to whom the claim is directed, and also by whom. Such speculative pleadings are impermissible under Rule 9(b), and should be dismissed. Koch, 203 F.3d at 1237 (stating that specificity about who made what representations and the consequence flowing from same is an "important requirement" where numerous defendants exist); see also Tal v. Hogan, 453 F.3d 1244, 1267 (10th Cir. 2006) (affirming dismissal of fraud claims in a complaint even where 300 paragraphs and subparagraphs were pled).

(ECF No. 47 at 12.)

Notwithstanding potential problems with respect to reliance and damages, the Amended Complaint is deficient for the same reasons as the Original Complaint because Plaintiff has failed to differentiate the classes of Defendants in this action. That is, Plaintiff's claims for fraud do not differentiate the Dhando entities from Sherwood (and Tim Cox). The pertinent pleadings are thus defective because all Defendants in this action are left to speculate as to the nature of the claim against each of them (and who was responsible for what purported fraudulent representation). And

---

[6] In a diversity jurisdiction case such as this one, a federal court applies the substantive law, including the choice of law, of the forum state. *Kansas Penn Gaming, LLC v. HV Properties of Kansas*, LLC, 662 F.3d 1275, 1284 (10th Cir. 2011). In multistate tort controversies, Colorado has adopted and applies the "most significant relationship" test from the Restatement (Second) of Conflict of Laws § 145 (1969) to determine which state's law applies. *See U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft*, 582 F.3d 1131, 1143 (10th Cir. 2009). Because Plaintiff has not refuted application of California law for purposes of this Motion, the Court adopts Defendants' position on this issue.

10

to make this deficiency clear, one need only look to Plaintiff Alter Ego claims in the Amended Complaint. With respect to those claims, Plaintiff has correctly parsed the alter ego claim into two separate causes of action against two separate classes of Defendants: (1) the Dhando Defendants (Claim VII) and (2) the Sherwood Defendants (Claim VIII). The fact that Plaintiff failed to do the same with respect to the fraud claims only reinforces the result against it.

In sum, Plaintiffs' fraud claims against Defendants Sherwood and Tim Cox are dismissed with prejudice. *See Twombly,* 550 U.S. at 563 (stating that "a complaint must contain direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.")[7]

### D. Improper Venue

Defendant contends that if Plaintiff's claim based on the NDA is not dismissed on substantive grounds, it still must be dismissed because the NDA contains a "mandatory forum selection clause" and that relief should be granted under Rule 12(b)(3). (ECF No. 61 at 5.) But irrespective of the merits of Defendants' request, they have failed to comply with both Local Rule 7.1C and WJM Revised Practice Standard III.C—that all separate requests for any action by the Court must be contained in a separate, written motion.

Because Defendants' request for dismissal under Rule 12(b)(3) is not contained in a separate motion, the request must be denied without prejudice.

---

[7] Note: because the fraud claims are dismissed with respect to Sherwood and Tim Cox, such claims now remain viable only with regard to the Dhando entities. Because the Dhando entities have not filed a similar Rule 12(b)(6) motion with regard to the fraud claims, those claims remain pending against the Dhando entities. (See ECF No. 47 at 12-13.)

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 60) is GRANTED IN PART AND DENIED IN PART;

2. Defendants' Motion to Dismiss Claim II (Breach of Contract against Sherwood) is DENIED with respect to the NDA and GRANTED with respect to the LOI and the Enterprise Offering WITH PREJUDICE;

3. Defendants' Motion to Dismiss Claim III (Breach of the Implied Covenant of Good Faith and Fair Dealing) is DENIED with respect to the NDA and GRANTED with respect to the LOI and the Enterprise Offering WITH PREJUDICE;

4. Defendants' Motion to Dismiss Claim V as to Defendant Sherwood and Defendant Cox (Deceit based on Fraud—False Representation) is GRANTED WITH PREJUDICE;

5. Defendants' Motion to Dismiss Claim VI (Deceit based on Fraud—Non-disclosure or Concealment) is GRANTED WITH PREJUDICE;

6. Counsel for Defendants Sherwood and Cox are DIRECTED to have a copy of this Order served upon the General Counsel for Intellectual Ventures Holdings 67 LLC, and are further DIRECTED to file a Certificate of Service certifying said service on or before May 20, 2013.

Dated this 16th day of May, 2013.[8]

BY THE COURT:

William J. Martínez
United States District Judge

---

[8] The Court notes that the Dispositive Motion Deadline for this matter is May 31, 2013. Given the recent extension of discovery to allow for deposition of witnesses, the Court will consider a slight extension of the Dispositive Motion Deadline for good cause.

13