**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-00682-WJM-MEH

DIGITAL ADVERTISING DISPLAYS, INC., a Colorado corporation,

      Plaintiff,

v.

SHERWOOD PARTNERS, LLC, a California limited liability company,
TIM COX,
NEWFORTH PARTNERS, LLC, a California limited liability company,
DHANDO INVESTMENTS, INC., a Delaware corporation, and
ROBERT HOFFER,

      Defendants.

---

**ORDER REQUIRING SETTLEMENT STATUS REPORT AND SETTING RULE 16(c)
CONFERENCE AND PROCEDURES FOR MOTIONS FOR SUMMARY JUDGEMENT**

---

This matter is before the Court *sua sponte*.  The matter is one that involves a claim made by Digital Advertising Displays, Inc., ("Plaintiff") with respect to highly valued IP Assets.  (ECF No. 47.)  Multiple Defendants dispute this claim, including Defendants Dhando Investments, Inc. ("Dhando"), Newforth Partners, LLC ("Newforth") and Robert Hoffer (the "Dhando Defendants"); as well as Defendants Sherwood Partners, LLC ("Sherwood") and Tim Cox.

The purpose of this Order is two-fold.  First, to obtain from the Parties an update on the settlement status in these proceedings.  Second, to inform the Parties of a new procedure that this Court will be adopting before the filing of any Rule 56 Motion.

## I.  SETTLEMENT STATUS REPORT

To update the Court on the prospects of settlement in this matter, the Court directs the Parties to file a Joint Status Report which includes the following information:

1.     Whether any of the following steps have been taken by the Parties:

(A) Informal Attorney-Attorney negotiation;

(B) Formal Mediation or Arbitration by a private party; and/or

(C) Whether the Parties have considered requesting a settlement conference pursuant to D.C.COLO.LCivR 16.6(A) before U.S. Magistrate Judge Michael E. Hegarty, and if not, why not. If in the Parties' view a settlement conference before Judge Hegarty would be beneficial, they should indicate as much in the Status Report.

2.     The Parties' best estimate of the prospects for settlement of this case.  The Parties may indicate this on a scale of 1-10, with a 10 indicating a high likelihood of settlement or, alternatively, the likelihood of settlement may be described as low, medium or high.

3.     The Joint Status Report shall be no more than two pages in length, exclusive of attorney signature blocks and certificate of service.

5.     The Parties shall 'meet and confer' during the week of May 20, 2013 to address these  settlement issues. The Joint Status Report itself shall be filed no later than May 28, 2013.

## II.  MOTIONS FOR SUMMARY JUDGMENT AND RULE 16(C) CONFERENCE

Given the present procedural posture of this matter, the Court anticipates that the Parties may be considering the filing of Rule 56 motions.  Before the Parties prepare such

filings, the Court places the Parties on notice of a new preliminary procedure it has adopted with respect to Rule 56 motions for summary judgment.

Accordingly, the Court will set a Rule 16(c)(2)(E) Conference, to be held before any party is permitted to file any motion pursuant to Fed. R. Civ. P. 56. *See* D. Brock Hornby, *Summary Judgment Without Illusions*, 13 GREEN BAG 2D 273, 284-55 (2010) (according to U.S. District Judge D. Brock Hornby, at such a Rule 16(c)(2)(E) pre-filing conference a district court may "ascertain whether issues are appropriate for summary judgment, whether there are disputed issues of fact, and whether the motion, even if granted, would expedite . . . litigation.")  The Court anticipates that at such a pre-filing Conference it will be able to give counsel the benefit of its views on the merits, if any there be, to a Rule 56 motion as to certain claims or defenses in the case.

A Rule 16(c)(2)(E) Conference is therefore set for June 7, 2013 at 9:30 a.m. If any Party wishes to file a Rule 56 motion in this case, then no later than May 28, 2013 it must file a Notice of Intent to File a Motion for Summary Judgment.  Such a Notice must explain the grounds for any anticipated Rule 56 Motion in an abbreviated, summary fashion, and shall be no more than five pages in length, excluding attorney signature blocks and certificate of service. If no such Notice is timely filed, then the Rule 16(c)(2)(E) Conference will be vacated, and no motion for summary judgment will be permitted.

Any Party anticipating that it will oppose a motion for summary judgment of which it has been given notice via the above procedure, must file a written Response to a Notice of Intent to File a Motion for Summary Judgment on or before June 3, 2013. This Response shall explain, in an abbreviated and summary fashion, why genuine issues of material facts exist such that summary adjudication of the claims or defenses placed at issue in the

3

Notice would be inappropriate.  This Response shall also be limited to five pages in length, excluding attorney signature blocks and certificate of service. At the Rule 16(c)(2)(E) Conference the Parties will be asked to address the issues raised in their Notice(s) or Response(s) thereto.

### III.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1.   The Parties must meet and confer, and file a Joint Status Report by the deadlines set forth above;

2.   Any Notice of Intent to File a Motion for Summary Judgment, as set forth above, must be filed no later than **May 28, 2013**;

3.   Any Party desiring to file a Response to a Notice of Intent to File a Motion for Summary Judgment, as set forth above, must do so no later than **June 3, 2013**;

4.   The Parties shall attend a Rule 16(c)(2)(E) Conference on **June 7, 2013 at 9:30 a.m. in Courtroom A801**, unless prior to that day the Court vacates such Conference in the manner set forth above; and

5.   In order to accommodate the above schedule and procedures, the Court extends the dispositive motion deadline to **June 24, 2013.**

Dated this 17th day of May, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge