IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00682-WJM-MEH

DIGITAL ADVERTISING DISPLAYS, INC., a Colorado corporation,

    Plaintiff,

v.

SHERWOOD PARTNERS, LLC, a California limited liability company,
NEWFORTH PARTNERS, LLC, a California limited liability company,
DHANDO INVESTMENTS, INC., a Delaware corporation, and
ROBERT HOFFER, an individual,

    Defendants.

---

**ORDER RE: DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS**

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant Sherwood Partners, LLC's Motion to Compel (1) the Production of Documents; and (2) Responses to Interrogatories [filed May 23, 2013; docket #98]. The matter is referred to this Court for resolution [docket #99]. For the reasons that follow, the Court **grants in part and denies in part** the Defendant's motion.

    Plaintiff initiated this action on January 26, 2012 in Denver County District Court. *See* docket #5-1. On March 16, 2012, Defendants Newforth Partners, LLC, Dhando Investments, Inc. and Robert Hoffer ("Hoffer Defendants") removed the action to this Court asserting diversity jurisdiction. Docket #1. After granting in part and denying part all Defendants' motions to dismiss Plaintiff's Complaint on January 17, 2013, the District Court granted Plaintiff leave to file an Amended Complaint on or before February 5, 2013. Docket #47. Plaintiff timely filed the operative Amended Complaint, essentially alleging that the Defendants breached certain agreements and engaged in fraud which caused damages to the Plaintiff. *See* docket #55. The Hoffer Defendants

filed an answer denying all substantive allegations, but Defendants Sherwood and Tim Cox ("Sherwood Defendants") filed a partial motion to dismiss the Amended Complaint. Dockets ##60, 62. On May 16, 2013, the District Court granted in part and denied in part the Sherwood Defendants' motion to dismiss.

A week later, Defendant Sherwood[1] filed the present motion seeking an order compelling Plaintiff to search for and produce electronic documents in their native format that are responsive to Sherwood's request for production of documents ("RFP") #18, which seeks "[a]ll communications to, from, or with any representative of Sherwood." Docket #98 at 4, 6. According to Sherwood, the Plaintiff's representative testified at a 30(b)(6) deposition that he did not search for any electronic documents in response to the discovery requests, and the actual responses came in the form of .pdf documents, which are not in the documents' native format. *Id.* Sherwood also seeks to compel Plaintiff to sign its interrogatories under oath, as well as an award of fees and costs for the Plaintiff's failure to produce the documents as requested.

Plaintiff responds to the motion asserting that it has searched and found no documents other than those already produced. Plaintiff also confesses its lack of a signature under oath on its responses to Sherwood's interrogatories. Finally, Plaintiff argues that sanctions are improper here, where there are no more documents to be produced.

Sherwood replies that Plaintiff fails to identify *when* it searched for (if at all) and found no additional documents – before or after the motion was filed. Sherwood contends that the day after the motion was filed, May 24, 2013, counsel for the Plaintiff responded to Sherwood's counsel's May 21, 2013 email concerning this matter, asserting that "Mr. Storey looked for documents but found none that were already produced." *See* Reply, docket #126 at 2. Sherwood's counsel states

---

[1] Sherwood claims the District Court's May 16, 2013 order effectively dismisses Defendant Cox from this action. The Plaintiff does not dispute this claim.

that he attempted to contact Plaintiff's counsel by email that day to resolve this matter, but Plaintiff's counsel never responded. *Id.* Notably, Sherwood fails to attach copies of emails it claims were exchanged in May 2013.

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (2009). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

Here, the Plaintiff raises no objection to the relevance of the discovery sought and the Court finds that Defendant's RFP #18, on its face, appears to be relevant to the claims and defenses raised in this matter pursuant to Fed. R. Civ. P. 26(b)(1). *See* First Set of Discovery Requests by Sherwood Partners, LLC and Tim Cox to Digital Advertising Displays, docket #98-2 at 10. In addition, the requests are numbered within the limits set forth in the Scheduling Order.

Rather, the Plaintiff states that it has produced all documents in its possession, custody or control that are responsive to RFP #18. In fact, in response to RFP #18, Plaintiff stated, "Plaintiff has produced all such documents pursuant to Fed. R. Civ. P. 26." *See* Responses to First Set of Requests for Admission and Requests for Production to Digital Advertising Displays, Inc., docket #98-3 at 6.

The party moving to compel discovery must prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing

*Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir. 1976) ("appellees had the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false).

Here, Sherwood's April 12, 2013 discovery requests specifically instructed Plaintiff that each email communication or other electronic document should be produced in .pst format or, otherwise, "in its native file format." Docket #98-2 at 1-2. Plaintiff responded on May 11, 2013 that it had produced all requested documents. Docket #98-3 at 6. However, Plaintiff does not dispute that it produced all documents in pdf format and that, on May 17, 2013, its representative, Jeff Storey, testified that he had not searched for electronic documents in response to the discovery requests. Sherwood's counsel, apparently, followed up this testimony on May 21, 2013 (the discovery cutoff) by sending an email to Plaintiff's counsel asking that Mr. Storey search for and produce native format and other documents Mr. Storey testified he had not attempted to find. Plaintiff's counsel responded on May 24, 2013, the day after the present motion was filed, confirming that Mr. Storey searched for but found no documents other than those already produced.

The Court finds that Sherwood has met its burden to demonstrate Plaintiff's response to RFP #18 was incomplete. Plaintiff does not dispute that Mr. Storey testified he had not searched for electronic documents in response to RFP #18. When Sherwood attempted to confer regarding the testimony on May 21, 2013, Plaintiff did not respond until the day after the present motion was filed. Thus, at the time Sherwood filed its motion to compel, it reasonably believed that Plaintiff had not produced additional electronic documents that were responsive to RFP #18.

"The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). In the event a motion

4

to compel responses to discovery is granted, Rule 37(a)(5) requires, after an opportunity to be heard, "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Here, Sherwood has demonstrated that Plaintiff's responses to RFP #18 were incomplete and that Plaintiff failed to sign its responses to interrogatories under oath at the time Sherwood filed the present motion. However, at the time it filed its reply brief, Sherwood had confirmation from Plaintiff's counsel by email *and* by Plaintiff with the filing of its response brief that Plaintiff had produced all documents responsive to RFP #18. Furthermore, Sherwood failed to provide the Court with copies of email communications it claims it had with Plaintiff following receipt of Plaintiff's May 24, 2013 email, as described in Sherwood's reply brief. Under these circumstances, the Court finds that certain sanctions are appropriate and orders as follows:

(1) Sherwood shall have an award of its attorney's fees reasonably incurred in filing the present motion, but not the reply brief, by filing an affidavit supporting such fees no later than July 22, 2013;

(2) Plaintiff may object to the reasonableness of the fees requested by Sherwood no later than August 5, 2013;

(3) Plaintiff's counsel is directed to serve a copy of this Order on Plaintiff and provide proof of service to the Court no later than July 15, 2013; and

(4) Plaintiff counsel is ordered to provide Sherwood with responses to Sherwood's first set of interrogatories signed by the Plaintiff under oath on or before July 22, 2013. In addition, in light of Mr. Storey's May 17, 2013 testimony, the Plaintiff shall provide Sherwood with a response to RFP #18, signed under oath, that Plaintiff has searched for and found no documents responsive to RFP #18 other than those already produced.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant Sherwood Partners, LLC's Motion to Compel (1) the Production of Documents; and (2) Responses to Interrogatories [filed May 23, 2013; docket #98] is **granted in part and denied in part** as specified

herein.

       Dated at Denver, Colorado, this 10th day of July, 2013.

                                         BY THE COURT:

                                         Michael E. Hegarty
                                         United States Magistrate Judge