IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00682-WJM-MEH

DIGITAL ADVERTISING DISPLAYS, INC., a Colorado corporation,

      Plaintiff,

v.

SHERWOOD PARTNERS, LLC, a California limited liability company,
NEWFORTH PARTNERS, LLC, a California limited liability company,
DHANDO INVESTMENTS, INC., a Delaware corporation, and
ROBERT HOFFER, an individual,

      Defendants.

---

**ORDER RE: DEFENDANT'S MOTION TO DETERMINE PRIVILEGE**

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Defendant Sherwood Partners, LLC's Motion to Determine Privilege Pursuant to Protective Order [filed May 24, 2013; docket #100]. The matter is referred to this Court for resolution [docket #102]. For the reasons that follow, the Court **grants in part and denies in part** the Defendant's motion.

## I.    Background

      Plaintiff initiated this action on January 26, 2012 in Denver County District Court. *See* docket #5-1. On March 16, 2012, Defendants Newforth Partners, LLC, Dhando Investments, Inc. and Robert Hoffer ("Hoffer Defendants") removed the action to this Court asserting diversity jurisdiction. Docket #1. After granting in part and denying part all Defendants' motions to dismiss Plaintiff's Complaint on January 17, 2013, the District Court granted Plaintiff leave to file an Amended Complaint on or before February 5, 2013. Docket #47. Plaintiff timely filed the operative Amended Complaint, essentially alleging that the Defendants breached certain agreements and

engaged in fraud which caused damages to the Plaintiff. *See* docket #55. The Hoffer Defendants filed an answer denying all substantive allegations, but Defendants Sherwood and Tim Cox ("Sherwood Defendants") filed a partial motion to dismiss the Amended Complaint. Dockets ##60, 62. On May 16, 2013, the District Court granted in part and denied in part the Sherwood Defendants' motion to dismiss.

On May 24, 2013, Defendant Sherwood[1] filed the present motion seeking an order finding that the contents of a thumb drive produced to Sherwood by the Plaintiff, including a "PowerPoint," are not protected by the attorney-client privilege or work product doctrines. Sherwood contends that the PowerPoint is not a communication protected by the attorney-client privilege, is not work product as it was not created in anticipation of the present litigation, and, if protected, any privilege has been waived because it has been disclosed to third parties. Sherwood also mentions the existence of a draft complaint created during this litigation on the thumb drive, but does not specifically argue that the draft is not protected.

Plaintiff responds arguing that six drafts of pleadings, including the Plaintiff's representative's notes are privileged and protected as work product. Further, Plaintiff contends that the PowerPoint, even if dated in 2009 (well before the commencement of this action), is protected by the attorney-client privilege as it was prepared for and provided to the Plaintiff's attorneys for the purpose of obtaining legal advice. Plaintiff also asserts that Sherwood has failed to demonstrate the privilege protecting disclosure of the PowerPoint has been waived.

Sherwood replies that Plaintiff has failed to provide a privilege log identifying any of the documents on the thumb drive and, thus, the information about the PowerPoint provided by the Plaintiff is within the response brief. As such, Sherwood argues that it cannot assess whether the

---

[1]Sherwood claims the District Court's May 16, 2013 order effectively dismisses Defendant Cox from this action. The Plaintiff does not dispute this claim.

PowerPoint is privileged without knowing when it was created, when it was shared with counsel, the name of prior counsel, the method by which Plaintiff shared the PowerPoint and whether it was shared with anyone else. Reply, docket #125 at 3. Further, Sherwood asserts that Plaintiff waived any privilege it may have over the PowerPoint by failing to demonstrate that its production to Sherwood's counsel was inadvertent (i.e., there were no precautions taken to prevent the disclosure of the PowerPoint). Finally, Sherwood confirms that it is seeking only the production of the PowerPoint and not any other privileged documents, such as drafts of pleadings.

## II.    Legal Standards

Rule 26(b)(5) of the Federal Rules of Civil Procedure governs the withholding and production of privileged materials in a federal lawsuit. As pertinent here, Rule 26(b)(5) states:

> (A) *Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

> (B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5). In accordance with Rule 26(b)(5)(B), the governing Protective Order in this case provides, in pertinent part:

> 9.    The inadvertent production of any privileged or Confidential Information, with or without an appropriate designation of confidentiality, shall not be deemed a waiver of any claim of privilege or protection, provided that the producing party shall immediately notify Receiving Party, in writing, when inadvertent production

is discovered. If prompt notification is made and the producing party describes in detail the circumstances surrounding the document's alleged inadvertent production, then the Receiving Party shall, upon request, (i) return or destroy all such inadvertently produced documents and all copies thereof, or (ii) place all such inadvertently produced documents and all copies thereof in a sealed envelope and move the Court for an Order on this issue. Counsel for the Receiving Party shall not use such information for any purpose until further Order of the Court.

Protective Order, docket #91.

In diversity jurisdiction cases such as this one, state law controls the issues of privilege raised by the parties. *See* Fed. R. Evid. 501 (2010); *see also Trammel v. United States*, 445 U.S. 40, 47 n.8 (1980). In Colorado, the attorney-client privilege[2] is "established by the act of a client seeking professional advice from a lawyer and extends only to confidential matters communicated by or to the client in the course of gaining counsel, advice, or direction with respect to the client's rights or obligations." *People v. Tucker*, 232 P.3d 194, 198 (Colo. App. 2009) (citing *Losavio v. Dist. Court in and for Tenth Judicial Dist.*, 533 P.2d 32, 35 (Colo. 1975)); *see also People v. Trujillo,* 144 P.3d 539, 542 (Colo. 2006) ("the attorney-client privilege applies to confidential matters communicated by or to the client in the course of obtaining counsel, advice, or direction with respect to the client's rights or obligations"). The privilege applies only to communications under circumstances giving rise to a reasonable expectation that the communications will be treated as confidential. *Tucker*, 232 P.3d at 198 (citing *Wesp v. Everson*, 33 P.3d 191, 197 (Colo. 2001)). Mere statements of fact are not protected by the attorney-client privilege. *Trujillo*, 144 P.3d at 545 (citing *Gordon v. Boyles*, 9 P.3d 1106, 1123 (Colo. 2000) (noting that "the privilege protects only the communications to the attorney; it does not protect any underlying and otherwise unprivileged facts that are incorporated into a client's communication to his attorney")).

---

[2]Sherwood also lists the legal standards for work product protection in federal actions; however, Plaintiff asserts only that the attorney-client privilege protects the PowerPoint. *See* Response, docket #123 at 2-3.

Colorado courts have adopted an "ad hoc" approach to determining whether an inadvertent disclosure of privileged documents by an attorney or client constitutes a waiver of the privilege. *Floyd v. Coors Brewing Co.,* 952 P.2d 797, 808-09 (Colo. App. 1997), *rev'd on other grounds,* 978 P.2d 663 (Colo. 1999). The *Floyd* court determined that in those instances in which an alleged inadvertent disclosure has occurred during the course of formal discovery proceedings, the most appropriate means to determine whether the disclosure should be considered a waiver of the attorney-client privilege is to "consider a number of factors to determine whether the disclosure resulted from excusable inadvertence or from some chargeable negligence or other fault." *Id.* Among the factors considered are: (l) the extent to which reasonable precautions were taken to prevent the disclosure of privileged information; (2) the number of inadvertent disclosures made in relation to the total number of documents produced; (3) the extent to which the disclosure, albeit inadvertent, has, nevertheless, caused such a lack of confidentiality that no meaningful confidentiality can be restored; (4) the extent to which the disclosing party has sought remedial measures in a timely fashion; and (5) considerations of fairness to both parties under the circumstances. *Id.*

## III.   Discussion

Based upon the applicable rules and case law, the Court will analyze first whether the PowerPoint is protected from disclosure by the attorney-client privilege. If the PowerPoint is protected, the Court will proceed to determine whether the protection was waived by disclosure or whether the disclosure was simply "inadvertent."

### A.   Is the PowerPoint Protected?

Plaintiff asserts that the PowerPoint was created by its representative and contains confidential information that was provided to its attorney for the purpose of seeking professional

advice.  Without revealing any potential confidential information, the PowerPoint is titled, "Legal Strategy" and includes on the front page a caption listing the Plaintiff as a "plaintiff" and the Defendants as "defendants."   The PowerPoint contains an "overview," descriptions of communications among various parties, a listing of potential claims and a description of damages suffered by the Plaintiff.  Following *in camera* review of the entire PowerPoint document, the Court finds that the "overview" (pp. 1-8) and the descriptions of communications among the parties (pp. 17-26 and 35-48) constitute mere statements of fact that are not protected as confidential.  *See Trujillo*, 144 P.3d at 545; *see also Gordon*, 9 P.3d at 1123.  However, the listings of potential claims (pp. 9-16,  32-34, 49-51 and 56) and descriptions of damages (pp. 27-31 and 52-55) appear to be communications directed to an attorney for the purpose of "gaining counsel, advice, or direction with respect to the client's rights or obligations."  *Tucker*, 232 P.3d at 198.  Therefore, the pages containing potential claims and descriptions of damages are protected by the attorney-client privilege.

B.    Has the Protection Been Waived?

Sherwood argues that Plaintiff has waived any privilege attached to the PowerPoint by failing to provide a privilege log with Plaintiff's production of the thumb drive, and by failing to describe circumstances surrounding the inadvertent production and to take any precautions to prevent disclosure of the PowerPoint.  Plaintiff counters:

> Given the nature of the undersigned's request to Plaintiff and the status of discovery in the case, the undersigned's office was reasonable in thinking the thumb drive would not have any privileged information. The production of such information was completely inadvertent.

Response, docket #123 at 5.  Plaintiff also states that it was not required to list the PowerPoint on its March 2012 privilege log, because "being an attorney-client communication, it was not within the scope of Rule 26 disclosure requires (sic)."  *Id.* at 2.

The Court agrees with Sherwood that, pursuant to Fed. R. Civ. P. 26(b)(5)(A), Plaintiff is charged with providing a privilege log for any documents it produces during discovery, including those contained on the thumb drive. However, if production of the PowerPoint was actually inadvertent, a privilege log necessarily would not be included with the thumb drive.

As set forth above, to determine whether Plaintiff inadvertently produced the PowerPoint, the Court must consider the following factors: (l) the extent to which reasonable precautions were taken to prevent the disclosure of privileged information; (2) the number of inadvertent disclosures made in relation to the total number of documents produced; (3) the extent to which the disclosure, albeit inadvertent, has, nevertheless, caused such a lack of confidentiality that no meaningful confidentiality can be restored; (4) the extent to which the disclosing party has sought remedial measures in a timely fashion; and (5) considerations of fairness to both parties under the circumstances. *Floyd,* 952 P.2d at 808-09.

First, the Plaintiff's description of the circumstances underlying its "inadvertent production" is vague, to say the least. Plaintiff does not describe the nature of its counsel's "request to the Plaintiff" nor the status of discovery in the case. Therefore, this factor weighs against a finding of inadvertent disclosure.

Second, apparently the Plaintiff disclosed not only the PowerPoint, but also six drafts of pleadings containing confidential privileged information. According to Sherwood, 50 documents were disclosed on the thumb drive. Certainly, well more than 50 documents have been disclosed during the course of discovery. Thus, the Court finds that the disclosure of only seven documents, all produced at one time, demonstrates this factor should be weighed in favor of inadvertent disclosure.

Third, the record (as set forth in the next paragraph) reflects that Plaintiff notified

Defendants, within a few hours of its disclosure of the PowerPoint, to treat the disclosure as inadvertent. Although Sherwood's counsel claims he had started reviewing the PowerPoint, he had only read approximately 30 of the 56 pages. The Court finds that any lack of confidentiality in this respect is not so substantial that no meaningful confidentiality can be restored. This factor weighs in favor of finding inadvertent disclosure.

Fourth, the record reflects that Defendants notified Plaintiff of the production of potential confidential information, including the PowerPoint, on May 15, 2013 at 3:43 p.m., less than 90 minutes after the Plaintiff sent discovery responses to the Defendants by email. *See* docket #100-5 at 1-2. Plaintiff responded to Defendants in less than an hour, thanking them for their "professionalism" and stating "[w]e'll work on finding a solution." *Id.* at 1. Defendants responded within four minutes stating, "[t]he PowerPoint's privilege may have been waived, but there are other issues[.]" *Id.* Plaintiff responded within 10 minutes asking that Defendants "please treat the arguably privileged information as inadvertent disclosure." *Id.* The following day, May 16, 2013, Plaintiff provided Defendants with a CD containing copies of what it determined to be non-privileged documents that were included on the thumb drive. The Court finds that the Plaintiff sought remedial measures in a timely fashion and, thus, this factor weighs in favor of finding inadvertent disclosure.

Fifth, Sherwood affirms that it does not wish to have access to any information protected by the attorney-client privilege or work product doctrines; rather, it seeks to know the factual information contained in the PowerPoint. As this Court has already found such factual information to be discoverable, the Court concludes that the withholding of attorney-client communications and the disclosure of only the factual information serves the interests of fairness and justice.

Accordingly, weighing the necessary factors, the Court finds that the Plaintiff inadvertently disclosed the PowerPoint to the Defendants and, thus, did not waive the protection attached to the

PowerPoint's listings of potential claims (pp. 9-16, 32-34, 49-51 and 56) and descriptions of damages (pp. 27-31 and 52-55).

## IV.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant Sherwood Partners, LLC's Motion to Determine Privilege Pursuant to Protective Order [filed May 24, 2013; docket #100] is **granted in part and denied in part** as specified herein.  The Plaintiff is ordered to provide thumb drives to the Defendants containing the non-privileged electronic information in its native format described herein **on or before July 17, 2013**.  The Plaintiff may retrieve the thumb drive provided to the Court for *in camera review* by calling my Chambers at (303) 844-4507 to arrange a time for pick up.

Dated at Denver, Colorado, this 10th day of July, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge