IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00682-WJM-MEH

DIGITAL ADVERTISING DISPLAYS, INC., a Colorado corporation,

    Plaintiff,

v.

NEWFORTH PARTNERS, LLC, a California limited liability company,
DHANDO INVESTMENTS, INC., a Delaware corporation, and
ROBERT HOFFER, an individual,

    Defendants.

## ORDER RE: MOTION FOR SANCTIONS

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant Robert Hoffer's Motion for Sanctions for Violation of a Protection [sic] Order [filed December 10, 2013; docket #207]. The matter is referred to this Court for resolution [docket #208]. For the reasons that follow, the Court **grants** the Defendant's motion as specified herein.

**I.    Background**

Plaintiff initiated this action on January 26, 2012 in Denver County District Court. *See* docket #5-1. On March 16, 2012, Defendants Newforth Partners, LLC, Dhando Investments, Inc. and Robert Hoffer ("Hoffer Defendants") removed the action to this Court asserting diversity jurisdiction. Docket #1. After granting in part and denying part all Defendants' motions to dismiss Plaintiff's Complaint on January 17, 2013, the District Court granted Plaintiff leave to file an Amended Complaint on or before February 5, 2013. Docket #47. Plaintiff timely filed the operative Amended Complaint, essentially alleging that the Defendants breached certain agreements and engaged in fraud which caused damages to the Plaintiff. *See* docket #55. The Hoffer Defendants

filed an answer denying all substantive allegations, but Defendants Sherwood and Tim Cox ("Sherwood Defendants") filed a partial motion to dismiss the Amended Complaint. Dockets ##60, 62. On May 16, 2013, the District Court granted in part and denied in part the Sherwood Defendants' motion to dismiss, and Defendant Sherwood[1] filed an answer to the remainder of the Amended Complaint on May 30, 2013. Dockets ##93, 107. On November 6, 2013, the District Court granted the parties' stipulated motion to dismiss the Sherwood Defendants with prejudice.

Defendant Hoffer filed the present motion on December 10, 2013 seeking an order for sanctions against the Plaintiff for allegedly violating the Protective Order issued in this case on May 7, 2013 (docket #91). Specifically, Hoffer contends that, in a November 20, 2013 response to a motion for summary judgment, the Plaintiff filed on the public docket in this case certain documents Hoffer asserts were characterized and designated as confidential under the Protective Order. Hoffer argues that when defense counsel sought compliance from the Plaintiff with the Protective Order, Plaintiff's counsel refused saying "nobody is reading these court records." Hoffer claims that Plaintiff then filed a perfunctory motion for restriction on November 21, 2013, which was denied without prejudice for procedural errors. Hoffer, himself, filed a motion for restriction of the documents from public access on November 22, 2013; after the required time period for objection, the motion was granted on December 2, 2013 and the documents were placed under restriction. Hoffer seeks an award of attorney's fees and costs for being required to file a motion for restriction of the confidential documents.

Plaintiff counters that Hoffer's sequence of events is incorrect; rather, Plaintiff claims that when the disclosure of the documents "was recognized" Plaintiff "immediately" moved to restrict the documents. Plaintiff asserts that its motion was denied for Plaintiff's failure to identify a public

---

[1] Sherwood claims the District Court's May 16, 2013 order effectively dismisses Defendant Cox from this action. The Plaintiff does not dispute this claim.

policy reason to restrict the documents under this Court's local rules, which Plaintiff contends does not exist. Plaintiff states that it "immediately" notified defense counsel of the problem and informed counsel it would not object to a motion to restrict filed by Defendants. Plaintiff argues that this sequence of events does not warrant sanctions.

Hoffer replies that Plaintiff's version of the sequence of events is belied by the email exchange between Plaintiff's counsel and defense counsel on November 21, 2013 and November 22, 2013. Hoffer contends that the exchange, together with the fact that Plaintiff failed to file the confidential documents under restriction in the first place, justify an award of fees and costs in this case.

**II.     Legal Standard**

Federal Rules of Civil Procedure 37 contains separate provisions that allow and, sometimes, require the district court to award attorney's fees for discovery misconduct. *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012). Under Rule 37(a)(5), a court ordinarily must order a party to pay the opposing party's reasonable expenses, including attorney's fees, incurred in filing or opposing a discovery motion if the opposing party's discovery motion is granted, if the party provided discovery only after a motion to compel was filed, or if the party's discovery motion was denied. *Id.* (citing Fed. R. Civ. P. 37(a)(5)(A), (B) and Fed. R. Civ. P. 26(c)(3)). Rule 37(b) requires a court to order a party that has failed to obey a discovery order "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See id.* (citing Fed. R. Civ. P. 37(b)(2)(C)). Here, because the sanctions request is not predicated on the disposition of a motion for protective order but, rather, on a violation of the protective order itself, the Court finds that Rule 37(b)(2)(C) applies. *See, e.g., Lewis v. Wal-Mart Stores, Inc.*, No. 02-CV-0944-

CVE, 2006 WL 1892583, at *3 (N.D. Okla. July 10, 2006) ("[s]anctions set forth in Fed. R. Civ. P. 37(b)(2) are available for a violation of a protective order entered pursuant to Fed. R. Civ. P. 26(c).") (citations omitted).

### III.    Discussion

The relevant provisions of the Protective Order in this case state:

...

5.     Discovery Material may be designated as Confidential Information by conspicuously affixing the legend "CONFIDENTIAL" or a similar designation on each page containing any Confidential Information (or, in the case of computer medium, on the medium and its label and/or cover and/or to its emailed message and/or attachment) to which the designation applies.

6.     Discovery Material designated CONFIDENTIAL shall be identified by Bates number. To the extent practical, the respective legend shall be placed near the Bates number.

...

12.    Confidential Information shall be used by a Receiving Party solely for the purpose of this Action and any appeals therefrom, and shall not be made available, disclosed, or summarized to any persons, including the parties, other than as permitted by this Protective Order.

12.[a.] Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such information in order to ensure that the confidential nature of the same is maintained.

13.    If Confidential Information is disclosed in a manner not authorized by this Protective Order, the party responsible for such disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the disclosed Confidential Information and make every reasonable effort to retrieve such information and to prevent further disclosure.

...

16.    If any party intends to disclose Confidential Information in open court, the disclosing party shall first reasonably inform the opposing party, so that such opposing party may request that the disclosure be made *en* [sic] *camera*.

...

>   19.   In the event the producing party elects to produce documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files shall be considered as marked "CONFIDENTIAL." ***Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain Confidential Information with the appropriate confidentiality marking at the time the copies are produced to the inspecting party***. Bound copies of multi-paged documents may be stamped on the cover page only.
>
>   20.   The Parties agree to follow the procedures set forth in D.C.COLO.LCivR 7.2 with respect to Public Access to Documents and Proceedings.

Protective Order, docket #91 at 5-11 (emphasis added).

First, the Court notes that, although the Protective Order requires affixing a "CONFIDENTIAL" legend on documents designated as confidential (*see* ¶¶ 5, 6, 19), the documents that are the subject of this motion, Exhibits 15 and 17-20 of the Plaintiff's response to Defendants' summary judgment motion (dockets ## 191-14, 192-1 through 192-4), are not marked with such legend nor contain any language indicating that each document is intended to be kept confidential in this case. Thus, although Hoffer contends that he designated these documents as "confidential" under the Protective Order, there is no obvious indication of such as required by the order. Nor has Hoffer explained another method of designation he may have used with such documents. Consequently, Plaintiff's counsel's statement that "I'm not aware of any document disclosed that contains confidential information" (docket #197-1 at 6) appears to be reasonable in light of the fact that none of the documents was marked as "confidential." Under these circumstances, the Court cannot find that Plaintiff violated the Protective Order by filing Exhibits 15 and 17-20 on the public docket with its response to the summary judgment motion.

However, the Court finds Plaintiff violated paragraphs 12(a) and 20 of the Protective Order by failing to exercise reasonable care and to comply with D.C. Colo. LCivR 7.2 upon notice of the confidentiality of the documents, to which the Plaintiff did not object. According to the docket and

5

the email exchange between Plaintiff's counsel, Mr. Gordon, and defense counsel, Mr. Wooll, Mr. Gordon filed a motion for restriction on the same day Mr. Wooll notified him of the confidentiality of the documents. *See* docket #194. However, Mr. Gordon clearly exhibited a disinterested attitude in correcting the public disclosure of the confidential documents, which violates paragraph 12(a) requiring the exercise of reasonable care. *See* November 21-22, 2013 Emails, docket #197-1 (asking twice about which documents needed to be sealed, although already specified; stating "[w]e can seal the whole brief for all I care. Nobody is reading these court records."; refusing to correct the deficiencies in the motion for restriction). Likewise, Plaintiff's motion for restriction wholly failed to satisfy the requirements of Local Rule 7.2, in violation of both paragraphs 12(a) and 20, by containing only two sentences seeking a restriction order and stating that the motion was unopposed. *See id.*

Plaintiff argues that the only reason its motion was deemed unsatisfactory by the Court was the motion's lack of a public policy reason for restricting the documents. Plaintiff is incorrect. Rule 7.2C (in effect at the time Plaintiff's motion was filed)[2] lists the following requirements for all motions filed under the rule:

1. Identify the document or the proceeding for which restriction is sought;

2. Address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access);

3. Identify a clearly defined and serious injury that would result if access is not restricted;

4. Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question

---

[2]The local rule in effect before December 1, 2013 is essentially the same as that in effect today; the December 1, 2013 rule was merely restyled to be consistent with all other local and federal rules.

>   (e.g.,redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> 5. Identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

D.C. Colo. LCivR 7.2C (eff. Dec. 1, 2012). Other than subsection 1, the Plaintiff neither complied, nor attempted to comply, with the other four requirements. Plaintiff's indifference in response to notice that it disclosed confidential documents in this case demonstrates clear violations of the Protective Order issued by this Court.

Plaintiff submits no information nor other persuasive argument that it was substantially justified in violating the Protective Order and/or that circumstances exist rendering an award of expenses unjust in this matter. Furthermore, the Court perceives no such justification nor injustice. Therefore, the Court concludes it must grant Hoffer's motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2).

## IV.   Conclusion

Here, the record reflects that Plaintiff failed to comply with the Protective Order in this case. Plaintiff's failure was not substantially justified and there are no circumstances in this matter making an award of expenses unjust. Accordingly, the Court finds that sanctions are appropriate and ORDERS that Defendant Robert Hoffer's Motion for Sanctions for Violation of a Protection [sic] Order [filed December 10, 2013; docket #207] is **granted** as follows:

(1) Defendant Hoffer shall have all costs and attorney's fees reasonably incurred in filing the Motion to Restrict Access Pursuant to Local Rule 7.2 [docket #197] by filing an affidavit supporting such expenses no later than January 17, 2014;

(2) Plaintiff's counsel may object to the reasonableness of the expenses requested by Hoffer no later than January 24, 2014;

(3) Because the Plaintiff may not have knowledge of Plaintiff's counsel's

conduct in failing to comply with a Court order, all expenses are to be borne by Plaintiff's counsel; and

(4) Plaintiff's counsel is directed to serve a copy of this Order on Plaintiff and provide proof of service to the Court no later than January 24, 2014.

Dated at Denver, Colorado, this 10th day of January, 2014.

                                                BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge