**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-00682-WJM-MEH

DIGITAL ADVERTISING DISPLAYS, INC., a Colorado corporation,

    Plaintiff,

v.

NEWFORTH PARTNERS, LLC, a California limited liability company,
DHANDO INVESTMENTS, INC., a Delaware corporation, and
ROBERT HOFFER,

    Defendants.

---

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

---

This matter is brought by Plaintiff Digital Advertising Displays, Inc., ("Plaintiff") against Defendants Dhando Investments, Inc., Newforth Partners, LLC, and Robert Hoffer (collectively "Defendants") with respect to intellectual property assets. (ECF No. 55.) On December 11, 2013, the Court entered an Order to Show Cause directing the parties to show why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 19 for failure to join as a required party Monster Vision LLC, dba Monster Media ("Monster"). (ECF No. 209.) The parties filed simultaneous opening briefs (ECF Nos. 212 & 214) and response briefs (ECF Nos. 219 & 220). For the reasons set forth below, the OSC is discharged.

**I. DISCUSSION**

Rule 19 provides that any required party must be joined to an action, at penalty of possible dismissal where joinder is infeasible. Fed. R. Civ. P. 19. A party is

"required" under Rule 19(a) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

On January 27, 2011, prior to the commencement of this case, Plaintiff and Monster entered into a Litigation Agreement to jointly fund the instant litigation against Defendants, with Plaintiff as the sole party-plaintiff. (ECF No. 168.) Pursuant to the Litigation Agreement, Plaintiff must obtain consent from Monster before it can enter into any settlement with Defendants. (*Id.* at 2.) On October 15, 2013, Plaintiff and Monster entered into an Amendment to Litigation Agreement ("Amendment"), clarifying that they never intended the Litigation Agreement to be an assignment of any claims, and eliminating the requirement that Plaintiff obtain written consent from Monster to settle. (ECF No. 212-1.)

Defendants contend that the Litigation Agreement reveals Monster as the controlling party because the parties cannot settle without its consent, and argues that the Amendment is unenforceable and without legal effect because Monster has admitted that it received no consideration. (ECF No. 214 at 3-5.) Plaintiff argues that Defendants has no standing to challenge the validity of the Amendment, and in any event, that a party who must be consulted prior to agreeing to a settlement is not a required party. (ECF No. 219 at 3-4.) Plaintiff analogizes its case to an action involving

an insurance carrier and its insured, where the carrier is not considered a required party even though its consent may be required to settle an action against the insured. (ECF No. 212 at 2.)

With regard to the Amendment, the Court declines to rule on Defendants' consideration arguments, but notes that it has strong reservations about relying on documents created by parties after the commencement of litigation, which are intended solely to support their litigation positions. However, the Court finds that the Order to Show Cause may be discharged even without considering the Amendment.

The Litigation Agreement requires Monster's written consent in order for Plaintiff to enter into any settlement agreement with Defendants, or to withdraw from the action. (*See* ECF No. 168 at 2.) However, Defendants admit that the matter may be resolved by a jury verdict without interference from Monster. (ECF No. 214 at 4.) Under Rule 19(a)(1)(A), Monster is a required party only if the Court cannot accord complete relief on Plaintiff's claims solely among Plaintiff and Defendants. The Litigation Agreement poses a possible barrier to settlement, but does not hinder the Court's ability to accord complete relief to the present parties after a trial. Therefore, the Court finds that Monster is not a required party under Rule 19(a)(1)(A).

Alternatively, Defendants argue that if this case proceeds without Monster, Defendants could be subject to future claims by Monster for the same obligations Plaintiff asserts here, effectively incurring double liability and violating Rule 19(a)(1)(B)(ii). (ECF No. 220 at 4-5.) Defendants point out that Plaintiff's arguments in the briefing on Defendants' Motion for Summary Judgment rely on damages apparently suffered by Monster. (*Id.* (citing ECF No. 193).) In response, Plaintiff argues that

Monster has no standing to bring any claims against Defendants, and thus there is no chance of double liability. (ECF No. 212 at 4.)

The Court finds Defendants' double liability argument unpersuasive. The Litigation Agreement requires Monster and Plaintiff jointly to fund the litigation, but assigns neither Monster's claims to Plaintiff for purposes of litigation, nor Plaintiff's claims to Monster for purposes of settlement. (ECF No. 168.) In considering Defendants' Motion for Summary Judgment, the Court cannot hold Defendants liable for damages suffered by non-party Monster, and will consider only damages suffered by Plaintiff. Similarly, even if Monster brings a second action against Defendants, only the damages suffered by Monster would be at issue in that second action, and any relief ordered in the instant case would have preclusive effect as to any duplicative claims by Plaintiff. For these reasons, the Court finds no likelihood of double liability, and therefore Monster is not a required party under Rule 19(a)(1)(B)(ii).

Accordingly, the Court concludes that Monster is not a required party pursuant to Rule 19, and need not be joined to this action for the case to proceed.

## II. CONCLUSION

For the foregoing reasons, the Court ORDERS that the Order to Show Cause (ECF No. 209) is DISCHARGED.

Dated this 25th day of March, 2014.

BY THE COURT:

William J. Martínez
United States District Judge